IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN JELINEK,<br><br>Defendant. | **4:25CR3103**<br><br>**FINDINGS AND RECOMMENDATION** |

This matter is before the Court on Defendant's Motion to Dismiss Count IV of the Superseding Indictment. Filing No. 56. For the reasons explained below, the undersigned recommends the motion to dismiss be denied.

**BACKGROUND**

On October 15, 2025, seven officers dually employed by the Nebraska State Patrol and either the Federal Bureau of Investigations or Homeland Security Investigations executed a search warrant, which sought evidence relating to possession or receipt of child pornography, at Defendant's residence. Filing No. 1 at 3–4. After failed negotiations with Defendant, Defendant allegedly discharged a semiautomatic rifle aimed at the front door of the residence, where officers had been standing just before. *Id.* at 4–6.

On November 18, 2025, Defendant was indicted on sixteen counts stemming mostly from the October 15, 2025 incident. Filing No. 23. A superseding indictment was filed on July 22, 2026, charging Defendant with five counts, four of

which stemmed from the October 15, 2025 incident. Filing No. 49. Defendant is charged as follows:

> Count I - attempted murder of federal officers in violation of 18 U.S.C. §§ 1114(a)(1) and 1111;
>
> Count II - attempted voluntary manslaughter of federal officers in violation of 18 U.S.C. §§ 1114(a)(2) and 1111;
>
> Count III - assault of federal officers with a deadly weapon in violation of 18 U.S.C. §§ 111(a)(1) and (b);
>
> Count IV - using and carrying a firearm during and in relation to the offenses charged in Counts I and III in violation of 18 U.S.C. § 924(c)(1)(A);
>
> Count V - possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

*Id.*[1]

On August 20, 2026, Defendant filed a Motion to Dismiss Count IV of the Superseding Indictment. Filing No. 56. Count IV charges Defendant with using and carrying a firearm during and in relation to a "crime of violence," specifically, the attempted murder of federal officers as charged in Count I and the assault of federal officers with a deadly weapon as charged in Count III, in violation of 18 U.S.C. § 924(c)(1)(A). Filing No. 49 at 2. Defendant, in support of his motion, alleges that (1) Count IV fails to state an offense, and that (2) Count IV is duplicitous. Filing No. 56 at 1.

## DISCUSSION

### 1. Failure to State an Offense

[1] Counts II and V are not at issue in the present motion.

Defendant contends that Count IV fails to state an offense because the attempted murder charge set out in Count I and the assault charge set out in Count III are not crimes of violence for purposes of serving as a qualifying offense for Count IV. Filing No. 57 at 2. Thus, according to Defendant, Count IV should be dismissed. *Id.* The undersigned finds Defendant's argument unpersuasive.

A felony offense constitutes a crime of violence if it

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The United States Supreme Court found this latter clause, § 924(c)(3)(B), to be "unconstitutionally vague." *United States v. Davis*, 588 U.S. 445, 470 (2019). Thus, an offense must qualify under the former clause, § 924(c)(3)(A), often called the "elements clause," to constitute a crime of violence. *See United States v. Taylor*, 596 U.S. 845, 848 (2022).

The Eighth Circuit Court of Appeals has already determined that attempted murder is a crime of violence under § 924(c) stating "[w]e join every other circuit to consider this issue . . . in concluding that attempted murder qualifies as a crime of violence[.]" *See Rose v. United States*, 153 F.4th 664 (8th Cir. 2025). Thus, despite Defendant's urging,[2] attempted murder is a crime of violence under § 924(c).

In contrast, the Eighth Circuit has not yet ruled on whether assault with a deadly weapon is a crime of violence under § 924(c).[3] However, the Eighth Circuit

---

[2] Defendant suggests this Court should overturn *Rose*, 153 F.4th. Filing No. 57 at 5. However, the undersigned cannot overrule or disregard controlling Eighth Circuit precedent and is bound by the Eighth Circuit's decision in *Rose*.

[3] Other circuits have determined that assault with a deadly weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b), is a crime of violence under § 924(c). *United States v. Taylor*,

has considered whether assault with a deadly weapon is a crime of violence in a nearly identical context—under the United States Sentencing Guidelines. *See United States v. Medearis*, 65 F.4th 981, 987 (8th Cir. 2023). Under the Guidelines, "'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" U.S.S.G. § 4B1.2(a)(1).

After determining § 111 is divisible[4] and applying the modified categorical approach, the Eighth Circuit qualified assault with a deadly weapon as a crime of violence because a § 111(b) conviction "'necessarily require[s] a finding that [the defendant] intentionally used, attempted to use, or threatened to use physical force against the person of another.'" *Medearis*, 65 F.4th at 987 (quoting *United States v. Hernandez-Hernandez*, 817 F.3d 207, 217 (5th Cir. 2016)). The same analysis applies here. *See United States v. McKinnies*, No. 4:20CR594-2, 2024 WL 2880401, at *4 (E.D. Mo. Feb. 8, 2024), *R&R accepted by* No. 4:20CR00594, 2024 WL 2717704 (E.D. Mo. May 28, 2024) (finding 18 U.S.C. § 111 constitutes a crime of violence under § 924(c)).

Additionally, the District of Nebraska has likewise determined assault with a deadly weapon is a crime of violence under § 924(c), denying defendant's motion to dismiss. *United States v. Brun*, No. 8:20CR38, 2020 WL 7495579 (D. Neb. Dec.

---

848 F.3d 476, 491 (1st Cir. 2017); *Gray v. United States*, 980 F.3d 264, 266 (2d Cir. 2020); *United States v. McDaniel*, 85 F.4th 176, 188 (4th Cir. 2023); *United States v. Rafidi*, 829 F.3d 437, 445 (6th Cir. 2016); *United States v. Butler*, 141 F.4th 1136, 1151 (10th Cir. 2025); *United States v. Bates*, 960 F.3d 1278, 1287 (11th Cir. 2020).

[4] Defendant also argues that § 111(b) does not transform § 111(a) into an offense that qualifies as a crime of violence, and therefore the court should only consider § 111(a) in its crime of violence analysis. Filing No. 57 at 6. However, this approach has been rejected by the Eighth Circuit and the District of Nebraska as these courts find § 111 to be divisible and squarely consider §111(b) in their analyses. *See Medearis*, 65 F.4th at 987; *United States v. Brun*, No. 8:20CR38, 2020 WL 7495579, at *6 (D. Neb. Dec. 21, 2020), *F&R accepted by* 2021 U.S. Dist. LEXIS 54893 (D. Neb. Mar. 23, 2021).

21, 2020), *F&R accepted by* 2021 U.S. Dist. LEXIS 54893 (D. Neb. Mar. 23, 2021). In doing so, the Court relied on Eighth Circuit authority involving the Armed Career Criminal Act and the United States Sentencing Guidelines. *Id.* at *6. The undersigned finds no reason to deviate from this reasoning.

Finally, Defendant cites *Borden v. United States*, 593 U.S. 420 (2021) in support of his argument that § 111(b) can be committed recklessly, and thus, cannot be held as a crime of violence. Filing No. 57 at 5–6. But, the Eighth Circuit itself has rejected this argument, finding that a conviction under § 111(b) must be intentional, not simply reckless. *Medearis*, 65 F.4th at 987. The undersigned does not find Defendant's argument persuasive. Thus, assault with a deadly weapon is a crime of violence under § 924(c).

Based on the authority set out above, the undersigned finds that Count IV of the superseding indictment has alleged a crime of violence under § 924(c). Therefore, the undersigned will recommend that Defendant's Motion to Dismiss Count IV of the Superseding Indictment be denied on this basis.

**2. Duplicity**

Defendant contends that Count IV is duplicitous because it offers the jury two separate theories of guilt, including (1) use/carriage of a firearm during and in relation to an attempted murder and (2) use/carriage of a firearm during and in relation to an assault with a deadly weapon, risking a non-unanimous jury verdict. Filing No. 57 at 2. Thus, according to Defendant, Count IV should be dismissed. *Id.* The undersigned disagrees.

"'Duplicity' is the joining in a single count of two or more distinct and separate offenses." *Gerberding v. United States*, 471 F.2d 55, 59 (8th Cir. 1973). "The problem with a duplicitous indictment is that 'the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense.'" *United States v. Paul*, 885 F.3d 1099, 1104 (8th Cir. 2018) (quoting

*United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir. 1994), *cert. denied*, 513 U.S. 1156, 115 S.Ct. 1113, 130 L.Ed.2d 1077 (1995)). However, there is a critical distinction between a statute that creates several offenses and one that identifies several ways of committing the same offense. *Gerberding*, 471 F.2d at 59. "Where . . . the statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction." *Id.*

The Eighth Circuit Court of Appeals has not yet considered whether an allegation incorporating multiple crimes of violence renders the count duplicitous, but the Ninth Circuit Court of Appeals' analysis is compelling. When considering the issue, the Ninth Circuit held that charging a defendant with one § 924(c) count is not duplicitous, even if the defendant "just happened to commit two separate predicate offenses while brandishing or discharging that firearm[.]"*United States v. Espudo*, 768 F. App'x 623, 626 (9th Cir. 2019) (considering duplicity in the context of two predicate offenses: RICO conspiracy, and conspiracy to distribute controlled substances). In *Espudo*, the Ninth Circuit distinguished the defendant's situation from others—where defendant was charged with multiple § 924(c) offenses when "'using the same firearm one time to simultaneously further two different conspiracies[,]'" citing *United States v. Vichitvongsa*, 819 F.3d 260, 266 (6th Cir. 2016), and where defendant was charged with one § 924(c) offense when using the firearm in predicate crimes that did not occur simultaneously, that is, did not occur during the same occasion, citing *In re Gomez*, 830 F.3d 1225, 1227 (11th Cir. 2016). *Id.*

Here, Count IV enumerates several ways of committing the same offense, rather than one creating several offenses. Count IV is charging Defendant with *one* count of discharging a firearm, during and in relation to, a crime of violence, which can be satisfied by either of the two alleged crimes of violence, attempted murder (Count I) or assault with a dangerous weapon (Count III). Like the defendant in

*Espudo*, here, Defendant is being charged with only *one* § 924(c) count, and both predicates, assault with a dangerous weapon and attempted murder, arose *simultaneously* during the October 15, 2025 incident. Defendant "just happened to commit two separate predicate offenses while brandishing or discharging that firearm." *Espudo*, 768 Fed. Appx. at 626. Accordingly, Count IV is not duplicitous.[5]

Based on the authority set out above, the undersigned finds that Count IV of the superseding indictment is not duplicitous. Therefore, the undersigned will recommend that Defendant's Motion to Dismiss Count IV of the Superseding Indictment be denied on this basis.

Accordingly,

**IT IS RECOMMENDED** to United States District Court Judge Susan M. Bazis that Defendant's Motion to Dismiss Count IV of the Superseding Indictment, Filing No. 56, be denied in its entirety.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 28th day of September, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

[5] The Government argues that even if Count IV was duplicitous, dismissal would not be the proper remedy because the court can, instead, issue a limiting jury instruction. Filing No. 59 at 7. Indeed, a district court may issue a limiting instruction to cure any potential prejudice created by a duplicitous indictment and the district court may decide to do so in this matter. *United States v. Fairchild*, 819 F.3d 399, 413 (8th Cir. 2016).