IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN JELINEK,<br><br>Defendant. | **4:25CR3103**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant's Objection (Filing No. 62) to the Magistrate Judge's Findings and Recommendation (Filing No. 61) dated September 28, 2026. For the reasons explained below, the Objection will be overruled.

## BACKGROUND

Defendant is charged in the Superseding Indictment with five counts: (Count I) attempted murder of federal officers in violation of 18 U.S.C. §§ 1114(a)(1) and 111; (Count II) attempted voluntary manslaughter of federal officers in violation of 18 U.S.C. §§ 1114(a)(2) and 1111; (Count III) assault of federal officers with a deadly weapon in violation of 18 U.S.C. §§ 111(a)(1) and (b); (Count IV) using and carrying a firearm during and in relation to the offenses charged in Counts I and III in violation of 18 U.S.C. § 924(c)(1)(A); and (Count V) possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). (Filing No. 49.)

Defendant filed a Motion to Dismiss Count IV of the Superseding Indictment on August 20, 2026, arguing that Count IV failed to state an offense and is duplicitous. (Filing No. 56.) Count IV charges Defendant with using and carrying a firearm during and in relation to a "crime of violence," in particular the attempted murder of federal officers charged in Count I and the assault

of federal officers with a deadly weapon as charged in Count III, in violation of 18 U.S.C. § 924(c)(1)(A). (Filing No. 49.) The Magistrate Judge issued a Findings and Recommendation on September 28, 2026, recommending that the Motion to Dismiss be denied. The Magistrate Judge concluded that Count IV alleged a crime of violence under § 924(c) and that Count IV was not duplicitous. (Filing No. 61.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), when a party objects to a proposed findings of fact and recommendation by a magistrate judge, the Court must "make a de novo determination of those portions . . . to which objection is made." *Id.* *See also* *Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections . . ."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Crim. P. 59(b)(3). If desired, a reviewing district court judge may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

When a party contests a magistrate judge's findings that resulted from an evidentiary hearing, the reviewing district court judge does not need to conduct another hearing. *See* *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636 "calls for a de novo determination, not a de novo hearing"). Instead, the district court discharges its duty by, at a minimum, listening to a tape recording or reading a transcript of the evidentiary hearing. *See* *United States v. Azure*, 539 F.3d 904, 910–11 (8th Cir. 2008). Here, the Court has read the transcript of the hearing and has reviewed the exhibits. The Court has also reviewed all briefing submitted by the parties. Having done so, the Court finds that Defendant's objection should be overruled.

## DISCUSSION

Defendant has asserted three objections to the Magistrate Judge's Findings and Recommendation, specifically Defendant argues (1) the Findings and Recommendation did not acknowledge the United States Supreme Court's rulings regarding attempts and/or declination to explicitly resolve the attempted-murder issue; (2) the Findings and Recommendation failed to acknowledge the interplay between acts charged under § 111(a) and the sentencing enhancement

provided under § 111(b); and (3) Count IV is duplicitous. Each of these objections will be considered in turn.

First, Defendant argues the Magistrate Judge improperly failed to acknowledge the United States Supreme Court's ruling in *United States v. Taylor*, 596 U.S. 845 (2022), in which the Court held that an attempted Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A). Defendant complains that the Findings and Recommendation does not explain why *Taylor's* holding should not extend to all common-law based attempt offenses, including attempted murder. Defendant further complains that the Findings and Recommendation did not mention that the Supreme Court has refrained from deciding whether attempted murder is categorically a crime of violence. *See* *United States v. Deligatti*, 604 U.S. 423 (2025).

Contrary to Defendant's assertion, the absence of these observations from the Magistrate Judge's Findings and Recommendation does not render the Findings and Recommendation incorrect. As recognized by the Magistrate Judge, this Court is bound by the Eighth Circuit Court of Appeals' decision in *Rose v. United States*, 153 F.4th 664, 667 (8th Cir. 2025), in which the Eighth Circuit "join[ed] every other circuit to consider this issue" and held that attempted murder qualifies as a crime of violence. *Rose* was decided after both *Taylor* and *Deligatti* and thus provides the binding authority for this Court's decision on this issue. Therefore, Defendant's objection on this ground is without merit.

Second, Defendant argues the Findings and Recommendation is incorrect because it did not acknowledge the interplay between acts charged under § 111(a) and the sentencing enhancement provided by § 111(b). Defendant maintains that the Findings and Recommendation ignored the structure of § 111(a) which, according to Defendant, "creates two indivisible subsets: (a)(1) and (a)(2)." (Filing No. 62.) More simply stated, Defendant contends Count III's charge of assault of federal officers with a deadly weapon in violation of 18 U.S.C. § 111(a)(1) is not categorically a "crime of violence" and therefore cannot serve as an underlying offense for purposes of 18 U.S.C. § 924(c).

A "crime of violence" is an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3). Courts use a "categorical approach" to determine whether an underlying

offense involves "the use, attempted use, and threatened use of physical force against the person or property of another." *See* *Evans v. Zych*, 644 F.3d 447, 453 (6th Cir. 2011); *United States v. Fuertes*, 805 F.3d 485, 497–99 (4th Cir. 2015). This approach "focuses on the statutory definition of the offense, rather than the manner in which an offender may have violated the statute in a particular circumstance." *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013).

A modified categorical approach is used by courts for violations of "a so-called 'divisible statute,' which 'sets out one or more elements of the offense in the alternative.'" *Id.* (quoting *Descamps v. United States*, 570 U.S. 254 (2013)). The modified categorical approach "permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative element formed the basis of the defendant's prior conviction." *Descamps*, 570 at 257. "The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." *Id.*

As discussed by the Magistrate Judge, in *United States v. Medearis*, 65 F.4th 981, 987 (2023), the Eighth Circuit examined whether a defendant's prior conviction for assaulting, opposing, resisting, and impeding a federal officer in violation of § 111(a) and (b) qualified as predicate offenses for sentencing guideline calculation purposes. Finding § 111 divisible, the Eighth Circuit applied a modified categorical approach and concluded "as [its] sister circuits have, that a § 111(b) conviction constitutes a categorial crime of violence." *Id.* The Eighth Circuit stated that a defendant must intentionally assault someone under § 111, so a §111(b) conviction "necessarily require[s] a finding that [the defendant] intentionally used, attempted to use, or threatened to use physical force against the person of another." *Id.* (quotation omitted). For its part, this Court has previously denied a motion to dismiss, finding that assault with a deadly weapon under §111(a) qualifies as a "crime of violence" *See* *United States v. Brun*, No. 8:20CR38, 2020 WL 7495579 (D. Neb. Dec. 21, 2020). Having considered these authorities and Defendant's arguments pertaining to this matter, Defendant's objection on this ground will be overruled.

Third, Defendant disputes the Magistrate Judge's conclusion that Count IV is not duplicitous. "Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Street*, 66 F.3d 969, 974 (8th Cir.1995) (quotation omitted). "The principal vice of a duplicitous indictment is that the jury may convict a defendant without

unanimous agreement on the defendant's guilt with respect to a particular offense." *Id*. Duplicity can result in "improper notice of the charges against [the defendant], prejudice in the shaping of evidentiary rulings, in sentencing, in limiting review on appeal, in exposure to double jeopardy, and the danger that a conviction will result from a less than unanimous verdict as to each separate offense." *United States v. Armstrong*, 974 F. Supp. 528, 539 (E.D. Va. 1997) (quotation omitted).

"A count is not duplicitous, however, merely because it alleges alternative means of completing a single offense." *United States v. Pleasant*, 125 F. Supp.2d 173, 176 (E.D. Va. 2000). "Where . . . the statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction." *Gerberding v. United States*, 471 F.2d 55, 59 (8th Cir. 1973).

Defendant argues Count IV is duplicitous because it creates the risk of conviction without unanimity as to the predicate offense. Defendant is charged with one count of discharging a firearm during and in relation to a crime of violence. The "crime of violence" element can be met by either of the alleged crimes of violence—attempted murder or assault with a dangerous weapon. Defendant cites to *In re Gomez*, 830 F.3d 1225 (11th Cir. 2016) to support his duplicity argument. In *Gomez*, the defendant had been sentenced under § 924(c), where the count alleged "that he used and possessed a firearm during two drug trafficking offenses and an attempted Hobbs Act robbery on the same day, as well as an ongoing conspiracy to commit Hobbs Act robbery that lasted two weeks." *Id*. at 1227. The Eleventh Circuit found that the count was duplicitous and that the jury's general guilty verdict did not reveal a unanimous finding as to the underlying predicate offense. *Id*.

However, *Gomez* is distinguishable from the situation presented here. The Magistrate Judge instead relied on *United States v. Espudo*, 768 Fed. App'x 623 (9th Cir. 2019), which this Court finds persuasive as it is more factually on point. In *Espudo*, the Ninth Circuit Court of Appeals rejected a duplicity argument and upheld the conviction of a defendant who was charged with one violation of § 924(c) based on crimes that occurred *simultaneously*. Here, as in *Espudo*, the offenses underlying Defendant's § 924(c) charge happened at the same time, rather than throughout the day and over a period of weeks as in *Gomez*. Defendant "just happened to commit two separate predicate offenses while brandishing or discharging that firearm." *Id*. at 626. The Court agrees

with the Magistrate Judge's conclusion that Count IV is not duplicitous.[1] Therefore, the Court will overrule Defendant's objection to the Findings and Recommendation on this ground.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Objection to the Magistrate Judge's Findings and Recommendation (Filing No. 62) is overruled.
2. The Findings and Recommendation (Filing No. 61) is adopted in its entirety.
3. Defendant's Motion to Dismiss (Filing No. 56) is denied.
4. Trial will be set by separate order.

Dated this 20th day of November, 2026.

BY THE COURT:



Susan M. Bazis
United States District Judge

[1] If this matter goes to trial, the Court will carefully craft the jury instructions and jury verdict form to ensure there is unanimity of the jury regarding the underlying predicate offense. As noted by the Magistrate Judge—the "Sixth Amendment right to a unanimous jury verdict, imperiled with a duplicitous indictment, may be cured by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act." *United States v. Pietrantonio*, 637 F.3d 865, 869 (8th Cir. 2011).